FILED
2009 NOV 17 PM 4: 51

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GINA M. SCHADT, § | |
| Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. A09CA 841LY |
| § | |
| DESTINATION BRAZOS § | |
| MANAGEMENT, INC. D/B/A § | |
| DESTINATION HOTELS AND § | |
| RESORTS § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, GINA M. SCHADT ("Ms. Schadt"), complaining of Defendant, DESITINATION BRAZOS MANAGEMENT, INC. D/B/A DESTINATION HOTELS AND RESORTS ("Destination"), and would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1331 because the action presents a federal question arising under the laws of the United States. This Court has supplemental jurisdiction of claims arising under state law 28 U.S.C. §1367.

2. Venue is proper in this Court as the unlawful employment practices alleged below were committed within the Austin Division of the Western District of the State of Texas.

### PARTIES

3. Ms. Schadt is a citizen of the United States who at all relevant time was employed by Defendant.

4. Defendant, Desitination Brazos Management, Inc. d/b/a Destination Hotels and

Resorts ("Destination") is a Texas corporation that owns and operates the Driskill Hotel in Austin, Texas. Destination may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Inc, 211 E. 7th Street Suite 620, Austin, Texas 78701. Destination is associated with and/or owned by a national corporation, Destination Hotels and Resorts, Inc., which manages and/or owns over 30 other hotels and resorts.

## ADMINISTRATIVE PROCEDURES

5. Ms. Schadt filed a charge of employment discrimination against Destination with the Equal Employment Opportunity Commission within 300 days of the discriminatory acts complained of in this suit. Schadt received on August 20, 2009 a "Dismissal and Notice of Rights" concerning the charge from the EEOC. This action has been filed within 90 days of the date of the receipt of that notice.

## FACTS

6. Ms. Schadt began working in 1999 for the Driskill Hotel, which is a historic, luxury hotel in downtown Austin.

7. Ms. Schadt started as the Manager of the Driskill's bar and the evening supervisor of the hotel's principle restaurant, the Driskill Grill. Ms. Schadt was an excellent employee and in 2001, she was promoted to General Manager of the Driskill Grill. Ms. Schadt worked hard as the General Manager and improved the restaurant's reputation and quality. During her employment, the Driskill Grill became known as one of the best restaurants in Austin, receiving prestigious awards and outstanding restaurant reviews.

8. In March 2007, Ms. Schadt was diagnosed with breast cancer, and it was necessary

for her to have a masectomy, followed by chemotherapy and radiation. Additionally, Ms. Schadt's father had recently passed away from cancer, she had become extremely depressed, and was receiving medical treatment for depression and anxiety.

9. Ms. Schadt discussed her medical condition with Destination personnel and was told she could take leave under the Family and Medical Leave Act ("FMLA") and could also take additional leave while recovering from her breast cancer. Ms. Schadt began her leave on or about April 4, 2007.

10. Less than two months after Ms. Schadt went on FMLA leave, on or about May 25, 2007, Destination hired another individual, Cedrick Guerin, a younger, male, non-disabled individual, to replace Ms. Schadt as the General Manager of the Driskill Grill.

11. While on leave, Ms. Schadt kept in regular contact with her supervisors and Destination human resources and made it clear that she wanted to return to work as soon as possible. In or about September, 2007, Ms. Schadt met with Destination personnel and told them that she could come back to work at that time if it was necessary to keep her job. She explained that her doctor was having her undergo additional treatment for her cancer and that if it did not impact her job, she would remain on leave for an addition month or so. Destination emphatically told Ms. Schadt that she should not return to work at that time, she could continue to take additional time off, and could come back to her job later.

12. Unbeknownst to Ms. Schadt, in September 2007 at the time that Destination was telling her that she should not return to work, Destination was looking to replace Mr. Guerin and find a new General Manager of the Driskill Grill. Never once did Destination mention to Ms. Schadt that

her job, which she had performed with excellence for more than seven years, could soon be open and needed to be filled. Destination also did not explain that if she did not return to work at that time, she would have to return to work in another position.

13. On or about September 26, 2007, Destination offered Ms. Schadt's position of General Manager of the Driskill Grill to Brian Phillips, a younger, male, non-disabled individual. Destination never offered the position to Ms. Schadt nor explained to her that the position was open and/or being filled.

14. In December 2007, Ms. Schadt returned to work at the Driskill, however, Destination did not allow her to return as General Manager of the Driskill Grill. Instead, Destination placed Ms. Schadt in a supervisor/waitress position in the Driskill's other restaurant, the 1886 Café and Bakery (the "Cafe").

15. Instead of earning $55,000 a year as General Manager of the Driskill Grill, Ms. Schadt was paid $14.50 an hour (approximately $29,000 annually) as a waitress/supervisor in the Cafe. Instead of performing managerial duties in an office-type setting or other duties that could be performed while seated, which she did as General Manager of the Driskill Grill, at the Cafe Ms. Schadt was now forced to work in a physically exhausting job as a waitress, on her feet for as much as 10 to 12 hours a day. For Ms. Schadt, who was still recovering from radiation and chemotherapy, her fomer position of General Manager of the Driskill Grill would have been far better for her both physically and financially.

16. After she returned to work, the top manager of the Driskill, John Spomer, made fun of Ms. Schadt's appearance, including making fun of her loss of hair from chemotherapy.

17.     In or about March 2008, Ms. Schadt fell and broke her leg (unrelated to her work). Ms. Schadt was forced to walk on crutches and with a leg brace and could no longer perform her job as a waitress in the Cafe. Had Destination originally returned Ms. Schadt to her position as the General Manager of the Driskill Grill, she could certainly have continued in that position, even with a broken leg.

18.     Because Ms. Schadt could not work as a waitress, in or about March 2008, Destination moved her to an Administrative Assistant position in the Food and Beverage office.

19.     Additionally, during late March 2008 and the extremely busy week of the South by Southwest music festival, Destination was short on help and asked Ms. Schadt if she would work as a waitress in the hotel bar. The hotel's General Manager, Mr. Spomer, specifically asked if Ms. Schadt would work without her leg brace because he did not like how it looked to customers. Against her doctor's recommendation, Ms. Schadt went above and beyond to help the hotel, working long hours as a waitress in the bar with a broken leg and without a leg brace. When Mr. Spomer saw her working without her brace and with her hair beginning to grow back, his only comment was "you almost look like a normal person now."

20.     On or about March 26, 2008, Destination told Ms. Schadt that her employment was being terminated at the end of March, allegedly because her position was being eliminated. Although Ms. Schadt was unaware of it at the time she was moved into the Administrative Assistant position, Destination now told Ms. Schadt that the position had been temporary and that they had planned to terminate her employment ever since they moved her into that position.

## CAUSES OF ACTION

## AMERICANS WITH DISABILITIES ACT

21. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

22. This cause of action is brought in addition to the other claims in this Complaint and/or is brought in the alternative.

23. At all relevant times, Plaintiff was a qualified individual with a disability (actual, recorded and perceived) under the AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12111.

24. At all relevant times, Destination was an employer under the ADA, 42 U.S.C. §12111.

25. Under the ADA, Defendant has a responsibility to make reasonable accommodations to an otherwise qualified disabled individual unless making such accommodation would cause an undue hardship on the Defendant. *See* 29 CFR 1630.9. To determine the appropriate reasonable accommodation, Defendant was required to engage in good faith in an interactive process with the Plaintiff regarding the accommodation. *See* 29 CFR 1630.2(o)(3). *See also* EEOC Compliance Manual, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act. ("An employee with a disability who is granted leave as a reasonable accommodation is entitled to return to his/her same position unless the employer demonstrates that holding open the position would impose an undue hardship . . . The employer is in the best position to know which jobs are vacant or will become vacant . . . the employer is

obligated to inform an employee about vacant positions for which s/he may be eligible . . .")

26. Destination discriminated against Plaintiff because of her disability in violation of the ADA by *inter alia,* (a) refusing to engage in good faith in the interactive process called for under the ADA, including but not limited, failing to notify and explain to Plaintiff the circumstances surrounding the availablity of her position as General Manager of the Driskill Grill and failing to return Plaintiff to that position when she returned from medical leave; (b) refusing to provide reasonable accomodations; (c) terminating Plaintiff's employment; (d) transferring Plaintiff to positions of less responsibility, authority, prestige and compensation; (e) retaliating against Plaintiff for requesting reasonable accommodations; (f) failing to provide Plaintiff with equal terms and conditions of employment, workplace and promotional opportunities, and other advantages and privileges of employment provided for non-disabled employees; and (g) failing to take prompt and equitable steps to remedy discrimination.

27. As support of Plaintiff's claim that Defendant violated the ADA, Defendant further violated the

### AGE DISCRIMINATION IN EMPLOYMENT ACT

28. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

29. This cause of action is brought in addition to the other claims in this Complaint and/or is brought in the alternative.

30. At all relevant times, Plaintiff was protected under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, as she was an employee of at least 40 years of

age. Plaintiff was born on August 3, 1955.

31. At all relevant times, Defendant was an "employer" under the ADEA.

32. Destination discriminated against Plaintiff because of her age in violation of the ADEA by *inter alia,* (a) terminating Plaintiff's employment (b) transferring Plaintiff to positions of less responsibility, authority, prestige and compensation; (c) failing to provide Plaintiff with equal terms and conditions of employment, workplace and promotional opportunities, and other advantages and privileges of employment provided for younger employees; and (d) failing to take prompt and equitable steps to remedy discrimination.

## TITLE VII OF THE CIVIL RIGHTS ACT

33. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

34. This cause of action is brought in addition to the other claims in this Complaint and/or is brought in the alternative.

35. Plaintiff is an employee within the meaning of TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e *et seq.* ("Title VII") and belongs to a class protected under the statute, namely she is female.

36. Defendant is an employer within the meaning of Title VII.

37. In addition to the other claims in this Complaint or in the alternative, Destination discriminated against Plaintiff because of her sex in violation of the Title VII by *inter alia,* (a) terminating Plaintiff's employment (b) transferring Plaintiff to positions of less responsibility, authority, prestige and compensation; (c) failing to provide Plaintiff with equal terms and conditions

of employment, workplace and promotional opportunities, and other advantages and privileges of employment provided for younger employees; and (d) failing to take prompt and equitable steps to remedy discrimination.

### FAMILY AND MEDICAL LEAVE ACT

38.   By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

39.   This cause of action is brought in addition to the other claims in this Complaint and/or is brought in the alternative.

40.   At all relevant times, Plaintiff was an eligible employee under the FAMILY AND MEDICAL LEAVE ACT (FMLA), 29 U.S.C. §2611. Plaintiff was employed by Defendants for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

41.   At all relevant times, Defendant was an employer within the meaning of the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

42.   Plaintiff was entitled to 12 work weeks of leave because of a serious health condition that made Plaintiff unable to perform the functions of her position.

43.   Defendant intentionally denied Plaintiff the exercise of her rights provided under the FMLA by hiring a replacement for Plaintiff while out on FMLA leave, by refusing to return Plaintiff to her position of General Manager of the Driskill Grill when she returned from leave, and by retaliating against Plaintiff for taking leave under the FMLA.

## CHAPTER 21 OF THE TEXAS LABOR CODE

44.  By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

45.  This cause of action is brought in addition to the other claims in this Complaint and/or is brought in the alternative.

46.  At all times set forth hereinafter, Defendant was an "employer" and is a "respondent" as defined by Texas Labor Code § 21.002. Defendant is subject to the provisions of Chapter 21.

47.  Plaintiff is protected under Chapter 21, in that she has a disability, is a qualified individual, is over the age of 40, and is female.

48.  Destination discriminated against Plaintiff because of her disability, age and/or sex in violation of Chapter 21, by *inter alia,* (a) refusing to provide reasonable accomodations; (b) refusing to engage in good faith in the interactive process called for under the ADA, including but not limited, failing to notify Plaintiff of the circumstances surrounding the availablity of her position as General Manager of the Driskill Grill and failing to return Plaintiff to that position when she returned from medical leave; (c) terminating Plaintiff's employment (d) transferring Plaintiff to positions of less responsibility, authority, prestige and compensation; (e) retaliating against Plaintiff for requesting reasonable accommodations; (f) failing to provide Plaintiff with equal terms and conditions of employment, workplace and promotional opportunities, and other advantages and privileges of employment provided for non-disabled employees; and (g) failing to take prompt and equitable steps to remedy discrimination.

## DAMAGES

49.  As a direct and proximate result of Defendant's conduct set forth in this Complaint, Plaintiff has suffered and will continue to suffer the following injuries and damages:

a.  Plaintiff was terminated from employment with Defendants. Although Plaintiff has diligently sought other employment, she has been unable to find and maintain a job at comparable pay. In addition, Plaintiff has incurred expenses in seeking other employment;

b.  Plaintiff seeks compensation for all past and future lost wages and benefits, plus prejudgment and postjudgment interest at the prevailing rate;

c.  Plaintiff is entitled to postjudgment interest on all sums, including attorney fees and costs awarded in this action;

d.  Plaintiff suffered physical pain, mental anguish and emotional distress in the past and future;

e.  Medical expenses in the past and future; and,

f.  Damage to earning capacity.

## LIQUIDATED DAMAGES & PUNITIVE DAMAGES

50.  Because Defendant acted with malice or reckless indifference to Plaintiff's protected rights under the ADA, ADEA, Title VII and Chapter 21 of the Texas Labor Code, Plaintiff requests an award of punitive damages.

51.  Because Defendant's conduct was an intentional and willful violation, Plaintiff

requests an award of liquidated damages of the FMLA.

### ATTORNEY FEES AND COSTS

52. Plaintiff is entitled to and requests an award of attorney fees and costs under the ADA, ADEA, Title VII, FMLA, and Chapter 21 of the Texas Labor Code.

### JURY DEMAND

53. Plaintiff hereby requests a jury on all issues so triable.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, GINA H. SCHADT respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, liquidated damages and punitive damages, together with interest as allowed by law; attorneys fees and costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com

By: _____
Robert W. Schmidt
State Bar No. 17775429